UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGHA RYBNICK, | : CIVIL ACTION NO. |
| Plaintiff and Counterclaim Defendant, | : 3:12-cv-00409 (VLB) |
| VS. | : |
| WELLS FARGO BANK, NA, AS TRUSTEE OF OPTION ONE MORTGAGE LOAN TRUST 2007-FXD1 ASSET-BACKED CERTIFICATE SERIES 2007-FXD1 | : |
| Defendant and Counterclaim Plaintiff. | : AUGUST 10, 2012 |

## MOTION FOR TELEPHONIC DISCOVERY CONFERENCE

Pursuant to the Court's Chambers Practices, Defendant/Counterclaim Plaintiff Wells Fargo Bank, N.A., as Trustee of Option One Mortgage Loan Trust 2007-FXD1 Asset-Backed Certificates Series 2007-FXD1 ("Wells Fargo"), respectfully requests a telephonic discovery conference as soon as Wells Fargo may be heard concerning the responses of Plaintiff/Counterclaim-Defendant Leigha Rybnick ("Rybnick") to Wells Fargo's Requests for Production. As demonstrated below, Rybnick has failed to fully comply with these discovery requests. Wells Fargo has attempted many times to confer with counsel for Rybnick about discovery, to no avail. Wells Fargo also has tried to contact Rybnick's counsel for the purposes of scheduling a call with the Court, but again, Rybnick's counsel has been non-responsive. Accordingly, Wells Fargo requests that the Court order Rybnick's counsel to attend a telephonic conference so that the parties and the Court can discuss Rybnick's non-compliance with discovery.

I.     BACKGROUND FACTS

Rybnick initially filed this action on February 22, 2012 in Connecticut Superior Court. Wells Fargo removed the action to this Court on March 16, 2012. On April 23, 2012, Wells Fargo answered Rybnick's Amended Complaint and simultaneously filed Counterclaims (Docket No. 15).

The parties filed a 26(f) Report on April 23, 2012 (Docket No. 16), which was approved by the Court on April 24, 2012 (Docket No. 17). The 26(f) Report includes a deadline of April 30, 2012 to file initial disclosures and an August 15, 2012 deadline for the completion of fact discovery. To date, Rybnick has failed to propound initial disclosures. On May 1, 2012, Rybnick did serve a damages analysis on Wells Fargo, in accordance with the parties' 26(f) Report, but this analysis was incomplete and indicated that additional medical bills and an analysis of lost wages would be provided. To date, Rybnick has provided neither the additional medical bills nor the analysis of lost wages.

II.    DISCOVERY REQUESTS AT ISSUE

On May 10, 2012, Wells Fargo served Rybnick with discovery requests. Among the discovery requests were the following Requests for Production:

> 4.   Authorization to Day Pitney, LLP, or its representative, executed by you in a form acceptable to the custodian, permitting the opportunity to inspect and copy your medical and rehabilitation records. **(WRITTEN AUTHORIZATION REQUESTED. SEE ATTACHED.)**
>
> 5.   Authorization to Day Pitney, LLP, or its representative, executed by you in a form acceptable to the custodian, permitting the opportunity to inspect and copy your employment records during the period commencing five years prior to the Incidents referred to

>in the Complaint until the present time.  (WRITTEN AUTHORIZATION REQUESTED.  SEE ATTACHED).

>\* \* \*

>16. Any and all communications including letters, emails, notes, memos (other than with your attorney) regarding the use and occupancy of the Premises.

>17. Any and all documents regarding payments you made related to the use and occupancy of the Premises.

On August 1, 2012, Rybnick provided responses to these discovery requests.  Without raising any objections, Rybnick responded to Requests for Production Numbers 16 and 17 as follows:

>RESPONSE: All documents are in the possession of Attorney Abe Heisler.

In addition, without consulting Wells Fargo or noting any objection or opposition, Rybnick unilaterally altered the written authorizations attached to Requests for Production Numbers 4 and 5.  Rybnick identified only some of the providers with whom she has been, or is currently, treating and authorized the use and disclosure of records from only these specific providers.  Most notably, Rybnick failed to authorize the use and disclosure of medical records from her primary care physician.

The authorizations propounded on Rybnick had requested all medical records from January 1, 2002 through the present.  Rybnick altered the written time period to state "November 24, 2010 to the present."  November 24, 2010 is only one day prior to the first event alleged in Rybnick's Amended Complaint.

**Finally, within her responses to Wells Fargo's Interrogatories, Rybnick stated that she has had three employers since the date of the first event alleged in her Amended Complaint. Inexplicably, however, Rybnick altered the authorization attached to Request for Production Number 5 so that it only allows for the disclosure of employment records from one of these employers – her current employer.**

**In an attempt to confer with Rybnick's counsel in good faith about these issues, undersigned counsel called counsel for Rybnick on August 2, 2012 – the day after receiving Rybnick's responses to Wells Fargo's written discovery – and was advised that he was out of the office until August 6, 2012.[1] Accordingly, undersigned counsel wrote Rybnick's counsel on August 3, 2012, outlining the above-noted disputes with Rybnick's responses to written discovery, and asked that he call her upon his return on August 6, 2012. Having received no response by August 8, 2012, counsel left a message for Rybnick's counsel. Counsel left a second message for Rybnick's counsel on August 9, 2012. To date, undersigned counsel has not received any response to these phone calls or the August 3, 2012 correspondence.**

---

[1] **It should be noted that Wells Fargo has been pursuing complete discovery responses from Rybnick since well before August 2, 2012. Rybnick had initially requested an extension of time to respond to Wells Fargo's discovery requests until July 16, 2012. Wells Fargo agreed to the requested extension, but Rybnick did not provide responses on July 16, 2012. Between July 16, 2012 and August 1, 2012, followed up on the status of Rybnick's discovery responses multiple times. Responses were not provided until Rybnick's deposition on August 1, 2012.**

III.   **ARGUMENT**

Rybnick's failure to fully comply with the May 10, 2012 discovery requests has impeded Wells Fargo's ability to prepare its case.  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ."  Fed. R. Civ. P. 26(b)(1).  "Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery."  Omega Eng'g, Inc. v. Omega, S.A., Docket No. 3:98-cv-2464, 2001 U.S. Dist. LEXIS 2016, at *5 (D. Conn. Feb. 6, 2001).

First, Rybnick has placed her medical conditions at issue in this case by seeking damages for "pain and suffering and impairment to her abilities to enjoy life's activities."  Amended Complaint (Docket No. 14) at Count 1 ¶ 9 and Count 2 ¶ 9.  Rybnick has not provided all records from health care providers with whom she has treated or executed authorizations for these providers during relevant time periods so Wells Fargo can obtain them directly.  Nor has Rybnick executed employment authorizations for all her employers during the relevant time period, despite her apparent claim for lost wages in this action.

Moreover, Rybnick failed to assert any objections within her responses, any grounds for objections, or any reason for refusing to execute the authorizations in the form in which they were propounded upon her.  Accordingly, Rybnick has waived any objection with respect to the breadth of these requests.  See Fed. R. Civ. P. 33(b)(3) ("[a]ny ground not stated in a timely

objection is waived unless the court, for good cause, excuses the failure."); <u>Bouchard v. DHL Express (USA), Inc.</u>, Docket No. 3:09-cv-1222, 2011 U.S. Dist. LEXIS 109868, at *5 (D. Conn. Sept. 27, 2011).

Secondly, Wells Fargo is entitled to discovery on its Counterclaim regarding Rybnick's use and occupancy of its property.  Rybnick's response to Document Requests No. 16 and 17 was that that relevant documents "are in the possession of Attorney Abe Heisler."  Upon information and belief, Attorney Heisler is Rybnick's attorney in a separate eviction proceeding.  Wells Fargo's discovery requests had explicitly noted that "[i]n answering these discovery requests, all information is to be divulged, which is possessed by or available to [Rybnick], <u>her attorneys</u>, investigators, agents, employees, insurers, or others employed by or acting on her behalf."  (emphasis added).  Merely because relevant documents are in the possession of Rybnick's attorneys does not give her license to withhold them from production.  Furthermore, Rybnick has waived any potential objections to the production of these documents by not asserting objections within her discovery responses.  <u>See</u> Fed. R. Civ. P. 33(b)(3).

IV.     **CONCLUSION**

For the reasons set forth above, Wells Fargo requests that the Court order Rybnick's counsel to attend a telephonic discovery conference so that the parties and the Court can discuss Rybnick's non-compliance with discovery. Undersigned counsel is available on August 13, August 16, August 21, August 23 and August 24 for a telephonic conference.  As noted above, undersigned counsel attempted to confer with Rybnick's counsel about a mutually agreeable

date and time for the conference, but received no response. Wells Fargo attaches an Affidavit of Counsel pursuant to Local Rule 37(a)(2) of this Court.

        **DEFENDANT, WELLS FARGO HOME MORTGAGE A DIVISION OF WELLS FARGO BANK, NA,**

By     /s/ Anne E. Trevethick
    Joseph K. Scully (ct26541)
    *jkscully@daypitney.com*
    Anne E. Trevethick (ct28622)
    *atrevethick@daypitney.com*
    Day Pitney LLP
    242 Trumbull Street
    Hartford, Connecticut 06103
    (860) 275-0100
    (860) 275-0343 (fax)
    Its Attorneys

## CERTIFICATION

This is to certify that on this date, a copy of the foregoing has been sent via e-mail and regular mail to all counsel of record:

    Stephen R. Bellis, Esq.
    The Pellegrino Law Firm, P.C.
    475 Whitney Avenue
    New Haven, CT 06511

        /s/ Anne E. Trevethick
    Anne E. Trevethick (ct28622)